UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD JOHNSON,<br>　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | :<br>:　Civil No. 3:14-CV-753<br>:<br>:<br>:<br>:　(Judge Kosik)<br>: |

### MEMORANDUM

Before the court are Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on October 29, 2014 (Doc. 13), recommending that Defendant's ("United States") Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed. For the reasons which follow, we will decline to adopt the Report and Recommendation of the Magistrate Judge and we will remand the action to the Magistrate Judge for further proceedings.

### BACKGROUND

Plaintiff, Leonard Johnson, an inmate formerly confined at the United States Penitentiary, Canaan, Pennsylvania[1], brought the instant action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §2675, et seq. on April 18, 2014. The action is based on the alleged negligence of the prison staff at USP-Canaan in serving chicken fajitas tainted with salmonella bacteria.

On July 29, 2014, the United States filed a Motion to Dismiss (Doc. 8) and a Brief in Support thereof (Doc. 9). A Brief in Opposition (Doc. 11) was filed by Plaintiff on September 8, 2014. A Reply Brief (Doc. 12) was filed by the United States on September 18, 2014.

---

[1]Plaintiff is currently confined at the United States Penitentiary- Hazelton, Bruceton Mills, West Virginia.

On October 29, 2014, a Report and Recommendation (Doc. 13) was filed by the Magistrate Judge. In the Report and Recommendation, the Magistrate Judge determined that Plaintiff's Complaint should be dismissed for lack of jurisdiction, because Plaintiff's administrative remedy was not timely filed. The Magistrate Judge recommended that the Motion to Dismiss be granted and that the action be dismissed.

Plaintiff filed Objections (Doc. 14) to the Report and Recommendation on November 17, 2014. The United States filed a Brief in Opposition to the Objections (Doc. 15) on December 1, 2014. Plaintiff filed a Reply to Defendant's Brief in Opposition to the Objections (Doc. 16) on December 12, 2014. Plaintiff filed an Amended Objection (Doc. 17) on January 12, 2015.

STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

DISCUSSION

In the Report and Recommendation, the Magistrate Judge sets forth the jurisdictional prerequisites to filing a claim under the Federal Tort Claims Act ("FTCA"). As the Magistrate Judge points out, the FTCA constitutes a limited waiver

of the sovereign immunity of the United States. Compliance with the procedures prescribed by the FTCA is a prerequisite to obtaining relief under the Act. One of the prerequisites to suit under the FTCA is that a claim must first be presented to the affected federal agency and be denied by the agency, or be deemed to be denied. 28 U.S.C. §2675(a). Additionally, the FTCA imposes a twofold obligation of timeliness upon litigants. Under the FTCA, there is a two-year period in which a claim must be tendered to the affected federal agency for its consideration. Once the agency has acted upon the administrative claim, the Plaintiff then has six months in which to proceed to court. The Magistrate Judge then addresses the doctrine of equitable tolling as it applies to an FTCA claim. The Magistrate Judge concludes that the statute of limitations bars Plaintiff's claims.

In the instant action, Plaintiff asserts that on June 25, 2011, while confined in the Special Housing Unit at USP-Canaan, he consumed chicken fajitas that were contaminated with salmonella, and as a result, he became ill. The Magistrate Judge found that the Bureau of Prisons did not become aware of Plaintiff's potential claim until September 2013. Because the claim was not presented within the two year limitation period set forth in the FTCA, 28 U.S.C. §2401(b), the Magistrate Judge found that the claim was time barred. Further, the Magistrate Judge found that equitable tolling could not save Plaintiff's claim because Plaintiff failed to exercise due diligence.

On November 17, 2014, Plaintiff filed Objections (Doc. 14) to the Report and Recommendation. In his Objections, Plaintiff first argues that the action could not be dismissed on a Rule 12(b)(1) Motion because the statute of limitations is not jurisdictional. The United States responds that because the instant case involved a presentment issue, a Rule 12 (b)(1) Motion is appropriate. In his reply, Plaintiff cited Santos v. United States, 559 F. 3d 189, 194 (3d Cir. 2009), which held that the statute of limitations is not jurisdictional and can be subject to equitable tolling.

We agree with the United States that one of the issues raised in the instant action involves the question of presentment under the FTCA and that a Motion under Rule 12 (b)(1) would be appropriate. See, White-Squire v. United States Postal Service, 592 F.3d 453 (3d Cir. 2010). However, based on the record before us and as set below, we find that factual disputes exist so as to require resolution of the issue on a more fully documented motion for summary judgment.

Plaintiff's next three objections involve the issue of presentment of claims to the appropriate Federal Agency and the accrual of such claims. In the instant action, the United States argues in it's Motion to Dismiss that Plaintiff failed to timely present his claim to the Bureau of Prisons. Specifically, the United States argues that the salmonella incident, the basis of Plaintiff's claim, occurred in June of 2011. The FTCA requires that prior to filing a complaint in federal court, a Plaintiff must first present the claim to the appropriate federal agency within two years after the claim accrues. The United States argues that Plaintiff's purported October 2012 filing was not properly presented to the appropriate Federal agency, when Plaintiff handed it to USP-Lewisburg staff, and that Plaintiff's December 2013 filing was untimely. The attachments submitted by the United States indicate that the first notice received by the Bureau of Prisons occurred on September 26, 2013, when it received a letter from Plaintiff inquiring about a prior administrative tort claim that Plaintiff allegedly had forwarded to the Bureau of Prisons a year earlier. The Bureau of Prisons had no record of any prior submission and notified Plaintiff, on November 15, 2013, that it never received any previous administrative tort claim from him. On December 9, 2013, Plaintiff provided the Bureau of Prisons with a document purported to be a replica of an October 18, 2012 administrative tort claim form signed by Plaintiff. The Bureau of Prisons denied Plaintiff's claim as untimely in a letter mailed to Plaintiff on

December 13, 2013[2]. Plaintiff filed the instant action on April 18, 2014.

In opposition to the Motion to Dismiss and in his objections, Plaintiff relies upon an Affidavit and other documents attached to his Complaint[3], wherein he asserts that he provided a proper administrative form to staff at USP- Lewisburg in October of 2012. Plaintiff argues that he presented his claim to the appropriate Federal agency (Bureau of Prisons) when he physically handed the administrative claim form to a representative of the Bureau of Prisons, that is, when he handed a completed SF-95 tort form to a staff member in the Special Management Unit at USP- Lewisburg on October 18, 2012.

In Objections No. 2 and No. 3, Plaintiff asserts that the Magistrate Judge failed to address his position regarding presentment. In the Brief in Opposition to the Objections, while acknowledging that the Magistrate Judge did not address this issue, the United States argues that for an administrative tort claim to be properly presented, the claim must be filed with the Bureau of Prisons Regional Office. 28 C.F.R. §543.31(c). Further, the United States argues that the requirement that the claim must be presented to the Bureau of Prisons Regional Office must be strictly interpreted. The first notice received by the Bureau of Prisons Regional Office of Plaintiff's claim was on September 26, 2013, and the administrative tort claim was received on December 9, 2013.

In his Motion for Leave to Amend Plaintiff's Written Objections (Doc. 17), Plaintiff relies upon a case decided by another judge in this district, who questioned

---

[2] See, Doc. 9, Exhibit 1, Declaration of Kimberly Sutton, Paralegal Specialist employed by the Bureau of Prisons. Also, attached to the Declaration are a Letter from Plaintiff dated September 26, 2013, inquiring about a tort claim regarding the salmonella incident; a Letter from Michael Tafelski, Regional Counsel advising Plaintiff that there was no record indicating that he submitted a claim with the Bureau of Prisons; a Letter from Plaintiff dated December 2, 2013, submitting a reproduction of the tort claim form that Plaintiff allegedly gave to prison authorities in October 2012 at USP Lewisburg, along with an affidavit saying he has done so; and, a Letter from Michael Tafelski, Regional Counsel, denying Plaintiff's claim as untimely.

[3] See, Doc. 1, Exhibits.

whether the prisoner mailbox rule should apply to the filing of an FTCA administrative claim. Yaromich v. United States, 2014 WL 5365325 (M.D.PA, October 21, 2014). Plaintiff also raises the discovery rule, whereby he challenges when he actually became aware of the cause of his illness. In Objection No. 4, Plaintiff argues that his claim did not accrue on June 25, 2011, the date of the salmonella poisoning incident, but rather it accrued on the date that he learned the cause of his injury. Specifically, Plaintiff argues that he was not aware that his injury was caused by salmonella poisoning until he arrived at USP-Lewisburg in December 2011. Additionally, he asserts that USP-Canaan attempted to cover up the salmonella outbreak by lying to the media, the inmates and the inmates' families, claiming that the mass illness was the result of a flu outbreak. Plaintiff also references the alleged failure of USP-Canaan's acceptance of responsibility in his Complaint.

Finally, in Objection No. 5, Plaintiff argues that equitable tolling should be applied in his case. In addressing the issue of equitable tolling, the Magistrate Judge found:

> Indeed, even if we credit Johnson's account, it is clear that the plaintiff has not demonstrated due diligence. By his own account, Johnson delayed more than 16 months before he even began his first halting effort to submit an administrative tort claim in October 2012. This initial effort was plainly inadequate since there was no record of receipt of this claim by the Bureau of Prisons, a prerequisite to administrative exhaustion in this setting. Moreover, Johnson's efforts to follow up on this claim are noteworthy for their lack of diligence. Indeed, by Johnson's account, he allowed a year to elapse before even inquiring into the status of this tort claim. Johnson followed this curiously indifferent approach to this matter even though his correspondence to the Bureau of Prisons indicates that he was aware that the claim was deemed denied if it was not acted upon within six months. Furthermore, after Johnson's administrative claim was rejected as untimely in December of 2013, the plaintiff allowed an additional five months to pass by before taking his first steps to file a complaint in federal court.

(Doc. 13, p. 10).

After reviewing the instant record as it stands, we will decline to adopt the

Report and Recommendation of the Magistrate Judge. Because the instant Motion to Dismiss, was not construed as, or converted into, a Motion for Summary Judgment, Plaintiff argues that he had no opportunity to create a complete record. Based on Plaintiff's representations, resolution of the statute of limitations issue requires further development of the factual record. The Plaintiff sets forth allegations in his complaint, wherein he challenges whether the Bureau of Prisons was forthright in addressing the salmonella outbreak. In his objections, Plaintiff also raises questions surrounding when he was actually aware of the food poisoning claim. Because we find that factual disputes exist regarding the timeliness of Plaintiff's filings, we will deny the Motion to Dismiss without prejudice to the resolution of these issues in a more fully developed record on a Motion for Summary Judgment. See, Royster v. United States, 475 Fed. Appx. 417 (3d Cir. 2012). We will decline to adopt the Report and Recommendation and will remand the instant action to the Magistrate Judge for further proceedings.