IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD JOHNSON, | : | |
| | : | Civil No. 3:14-CV-753 |
| Plaintiff | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case

On April 18, 2014, the *pro se* plaintiff, a federal prisoner formerly housed in the United States Penitentiary, Canaan, brought this action suing the United States. (Doc. 1.) Johnson's complaint related to matters which occurred almost three years prior to the filing of his complaint, with Johnson alleging that in June of 2011 he was housed at the United States Penitentiary, Canaan, when the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence on the part of the prison in the preparation and service of this

food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*.

The defendant has asserted that Johnson failed to timely and properly exhaust his administrative remedies before filing this action. Such timely filing is required by law before an inmate may proceed into federal court. It has been determined that there may be disputed issues of fact relating to this defense of failure to exhaust, a defense which is jurisdictional in nature, and we have scheduled a hearing to allow the parties to present any evidence they may have relating to this question on December 10, 2015.

Johnson has now moved to have us reconsider this order and vacate this order scheduling a hearing in this case. (Doc. 41.) For the reasons set forth below, that motion is denied.

## II.   Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v.

Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ).  As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling.  Dodge, 796 F.Supp. at 830.  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court.  Dodge, 796 F.Supp. at 830.  Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in

law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, the defendant presents a factual attack upon subject matter jurisdiction, arguing that this Court lacks jurisdiction over this claim due to the plaintiff's failure to timely submit his administrative claim. In reviewing a factual attack on subject matter jurisdiction, the Court may consider evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891). Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other gr'ds by Simon v. United States, 341 F.3d 193 (3d Cir. 2003). When presented with such a fact-bound jurisdictional challenge are advised that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891. If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18. "[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." Gould, 220 F.3d at 177.

<u>Moyer Packing Co. v. United States</u>, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008).

Our scheduling order does just that; it allows the parties to present evidence relating to this factual attack upon subject matter jurisdiction. Indeed, much of Johnson's motion to reconsider entails a factual rebuttal of the government's claims, a factual rebuttal which is precisely the sort of information that this hearing is intended to develop. We have not misunderstood the parties' positions. Rather we are providing the parties with an opportunity to fully develop their motions. Further, there is no intervening change in the law which forbids hearings on questions of administrative exhaustion. Since this hearing is entirely appropriate, and Johnson has not shown that the scheduling of a hearing results in a manifest injustice, the legal standard which applies to a motion to reconsider, this motion to reconsider is denied.

### III. <u>Order</u>

Accordingly, for the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to reconsider the Scheduling of a Hearing in this case (Doc. 41.), is DENIED.

So ordered this 19th day of November 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
