UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD JOHNSON, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 3:14-CV-753 |
| v. | : |
| | : (Judge Kosik) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**MEMORANDUM**

Before the Court are Defendant's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, the Court will adopt the R&R and will deny Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

On April 18, 2014, Plaintiff, Leonard Johnson, an inmate formerly confined at the United States Penitentiary ("USP"), Canaan, Pennsylvania, brought the instant action against the United States, pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2675, et seq. The action is based on the alleged negligence of the prison staff at USP-Canaan in serving chicken fajitas tainted with salmonella bacteria.

On April 10, 2016, the Court issued a Memorandum and Order (Docs. 19, 20), denying without prejudice, Defendant's motion to dismiss (Doc. 8) and remanding back to the Magistrate Judge for further proceedings.

On December 10, 2015, the Magistrate Judge held an evidentiary hearing on the matter. Defendant filed a motion for summary judgment (Doc. 48) on January 28, 2016. Once the motion was ripe, the Magistrate Judge issued a R&R, recommending that Defendant's motion be denied without prejudice to the renewal at trial (Doc. 55). The Magistrate Judge also conditionally granted Plaintiff's motion to appoint counsel (Doc. 56). After an extension of time was granted, Defendant filed objections to the R&R (Docs. 59, 60).

The issue is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248).  A factual dispute is "material" if it might affect the outcome of the case.  Anderson, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party.  Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief."  U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2-3).

## III. DISCUSSION

When objections are filed to a R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. §

636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

In the R&R, the Magistrate Judge recommended that Defendant's motion for summary judgment be dismissed without prejudice to the renewal of the defenses raised at trial.  The Magistrate Judge found that the issue of whether the statute of limitations was tolled, requires a credibility issue that is inappropriate at the summary judgment stage.

Defendant objects to the Magistrate Judge's finding that the issue of equitable tolling must be left to the factfinder's determination.  Defendant argues that there is no equitable tolling in this case and that Plaintiff's FTCA claim is untimely.  Defendant argues that Plaintiff did not present his claim when he allegedly handed a tort claim to staff in October 2012, because the claim was not filed with the Northeast Regional Office as required.  Defendant also objects to the portion of the R&R which concludes that if the mailbox rule applied, and if Plaintiff handed his tort claim to an officer, then these actions may be grounds for equitable tolling.  The Magistrate Judge found that a determination of whether the mailbox rule applied in the present case was not required, because he found that a dispute of material fact existed as to whether equitable tolling applies.

We agree with the Magistrate Judge that the issue of equitable tolling requires a credibility determination that cannot be resolved at the summary judgment stage.  We must view the facts in the light most favorable to the Plaintiff, the non-moving party.  In the instant case, there is a dispute of material fact that requires the factfinder to make a credibility

determination.

## IV. CONCLUSION

For the reasons set forth above, the Court will adopt the Magistrate Judge's R&R. The Court will deny Defendant's Motion for Summary Judgment. An appropriate order is attached.